FILED

**NOT FOR PUBLICATION**

MAR 01 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT SERVIN, | No. 08-16000 |
| Petitioner - Appellant, | D.C. No. 3:04-CV-00621-RCJ-RAM |
| v. | |
| E. K. MCDANIEL, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 9, 2010
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Robert Servin was convicted of first-degree murder and robbery under

Nevada law and sentenced to death. The Supreme Court of Nevada affirmed his

conviction but vacated his death sentence, imposing instead two consecutive terms

of life imprisonment without the possibility of parole. In 2005, after

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

unsuccessfully pursuing state post-conviction relief, Servin filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he was deprived at trial of his rights to due process and to the effective assistance of counsel. The district court denied his petition. Servin timely appealed, and this court granted a certificate of appealability.

We first address the Supreme Court of Nevada's rejection of Servin's claim that the state trial court violated his right to due process when it denied his motion for a hearing to determine the necessity and amount of antipsychotic medication that a prosecution witness, Brian Allen, was voluntarily taking. In *Riggins v. Nevada*, 504 U.S. 127 (1992), the Supreme Court of the United States held that the *forced* administration of antipsychotic drugs to a *defendant* is constitutionally impermissible "absent a finding of overriding justification and a determination of medical appropriateness." *Id.* at 135. The Court, however, has never addressed the constitutionality of the *voluntary* taking of such medication by a *witness*. Therefore, it cannot be said that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Carey v. Musladin*, 549 U.S. 70, 77 (2006). We thus conclude that Servin is not entitled to habeas relief on this claim.

We next address the Supreme Court of Nevada's rejection of Servin's claim that counsel was constitutionally ineffective in failing to support adequately his motion for a hearing on Allen's medication. A claim of ineffective assistance of counsel in violation of the Sixth Amendment has two components. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, counsel supported Servin's motion for a hearing by informing the state trial court about the antipsychotic medication's effects on patients generally and on Allen specifically. The Supreme Court of Nevada did not unreasonably apply *Strickland* in concluding that counsel's performance was not deficient. Accordingly, habeas relief is not warranted on this claim. *See* 28 U.S.C. § 2254(d)(1).

Next, we address the Supreme Court of Nevada's rejection of Servin's claim that counsel was constitutionally ineffective in failing to subpoena a potential witness named Damien Winkelman to testify at trial. According to Servin, Winkelman would have contradicted the testimony of the prosecution's key witness that Servin shot and killed the victim. Winkelman's testimony, however, was of questionable reliability and of limited probative value. Moreover, because the jury was instructed on the felony-murder rule, the prosecution did not have to

3

prove that Servin was the shooter to obtain a first-degree murder conviction. Thus, even if counsel's performance was deficient, the Supreme Court of Nevada reasonably applied *Strickland* in concluding that the failure to subpoena Winkelman did not prejudice the defense. Habeas relief is not warranted on this claim. *See* 28 U.S.C. § 2254(d)(1).

Finally, we address the Supreme Court of Nevada's rejection of Servin's claim that counsel was constitutionally ineffective in failing to introduce evidence of Allen's antipsychotic medication to the jury. This claim was not encompassed by the certificate of appealability, but we construe Servin's brief as a motion to expand the certificate, and we grant the motion. *See* 9th Cir. R. 22-1(e). Nevertheless, we reject this claim on the merits. Presentation of such evidence would have, at most, discredited Allen's testimony that Servin was the shooter. As discussed above, the prosecution could have obtained a first-degree murder conviction under the felony-murder rule without proving that Servin was the shooter. Moreover, there is no reason to believe that Servin would have received a less severe sentence if his counsel had discredited Allen. Thus, the Supreme Court of Nevada reasonably applied *Strickland* in concluding that the failure to present evidence of Allen's medication did not prejudice the defense, and no habeas relief is warranted. *See* 28 U.S.C. § 2254(d)(1).

4

For these reasons, the judgment of the district court is

**AFFIRMED.**